IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. MCGUIRE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-174-WKW |
| | ) [WO] |
| STEVEN T. MARSHALL, | ) |
| Attorney General of the State of | ) |
| Alabama, in his official capacity; | ) |
| and HAL TAYLOR, Secretary of | ) |
| the Alabama Law Enforcement | ) |
| Agency, in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff KLL's Motion for Declaratory and Equitable Relief. (Doc. # 79.) KLL does not state a procedural basis for his motion. It could plausibly be interpreted as either a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure or a motion for summary judgment under Rule 56.

A motion for judgment on the pleadings made by a plaintiff must be based on admissions in the defendant's answer. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). Those admissions must show that no material facts are in dispute and that the moving party is entitled to judgment as a matter of law.

*Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005).

A motion for summary judgment must similarly show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment must be based on evidence in the record. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . .").

KLL does not cite any document in the record other than his third amended complaint. His motion is therefore not proper under either Rule 12(c) or Rule 56. As the court made clear in its previous order (Doc. # 55), further discovery is warranted before the claims in this case can be adjudicated.

It is therefore ORDERED that KLL's motion (Doc. # 79) is DENIED without prejudice to any properly made dispositive motion.

DONE this 5th day of November, 2021.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE