IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. McGUIRE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-174-WKW |
| | ) | [WO] |
| STEVEN T. MARSHALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Before the court is Defendants' Motion to Certify Questions to the Supreme Court of Alabama. (Doc. # 93.) Defendants seek certification of the following questions:

1. Are the three examples described in Alabama Code § 15-20A-4(20) circumstances in which a registrant will always establish a residence, or are they merely considerations as part of a "totality of the circumstances" analysis?

2. Can "loiter" as defined in Alabama Code § 15-20A-17(1)(2) be construed to include only situations where (1) a sex offender has no reason to be on the property given its intended use and (2) a reasonable person would find under the circumstances that the sex offender is there for the improper purpose of making contact with potential minor victims?

3. Is work by a sex offender at remote, intermittent work sites subject to the restrictions of Alabama Code § 15-20A-13?

4. Can a sex offender petition for relief under Alabama Code § 15-20A-24 where registration is required under Alabama Code §§ 15-20A-

5(37)-(39) for an out-of-state crime that was based only on the victim's age and that may not be a crime in Alabama?

(Doc. # 93 at 14.)

Certification is only helpful when there is "[s]ubstantial doubt about a question of state law." *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1268 (11th Cir. 2003). But the plain language of the Alabama Sex Offender Registration and Community Notification Act answers each of Defendants' questions.

Accordingly, it is ORDERED that the motion (Doc. # 93) is DENIED.

DONE this 6th day of July, 2022.

                                      /s/   W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE