IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. McGUIRE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-174-WKW |
| ) | [WO] |
| STEVEN T. MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# FINAL JUDGMENT

For the reasons provided in the Memorandum Opinion and Order entered today, aspects of Alabama Code § 15-20A-11 of the Alabama Sex Offender Registration and Community Notification Act (ASORCNA) facially violate the First Amendment to the United States Constitution. The overbroad aspects of that provision must be declared unconstitutional in all applications. *United States v. Hansen*, 599 U.S. 762, 769–70 (2023) (directing federal courts to "facially invalid[ate]" an unconstitutionally overbroad law). However, as decreed below, the force of this final judgment will largely not take effect until **September 1, 2024**—over ninety days from now. Until then, any non-Plaintiff person subject to the unconstitutionally overbroad laws must comply with those laws' requirements in their entirety. Delaying the effective date of this part of the final judgment's orders until **September 1, 2024**, provides time for the legislature, if it so chooses, to craft a new statute and ensures that registrants, prosecutors' offices, law

enforcement, and other community members have time to receive notice of the order before the relief takes effect.

In the absence of contrary orders from this or another court of adequate jurisdiction, and in the presence of legislative inaction, come **September 1, 2024**, the enforcement of sections 11(a) and 11(d) of ASORCNA's residency provision will be unconstitutional against all people.  *See* Ala. Code §§ 15-20A-11(a), 15-20A-11(d).  But then, as now, registered sex offenders (1) still will be subject to ASORCNA's other provisions, including, but not limited to, the registration provision, the notification provision, the employment provision, the loitering provision, and the travel provision;  (2) still will be subject to the State's criminal laws, which prohibit under threat of imprisonment all sexual abuse in its various forms, as well as attempts to engage in sexual abuse; and (3) still may be prevented from going places and having unsupervised access to minors via the State's other, non-ASORCNA laws, like trespassing, custody, visitation, protection-from-abuse, and parental-termination laws.

Consistent with the Memorandum Opinion and Order entered today, it is ORDERED, ADJUDGED, and DECREED that:

(1) Judgment is entered in favor of Defendants and against Plaintiffs as to all challenges brought in the operative complaint, other than the challenges described in paragraph (2) below.

(2) Judgment is entered in favor of Plaintiffs and against Defendants as to Plaintiffs' First Amendment challenges to ASORCNA's residency provision, Alabama Code §§ 15-20A-11(a), 15-20A-11(d).

(3) Effective **September 1, 2024**, Alabama Code § 15-20A-11(a) is DECLARED unconstitutional in all of its applications. It is overbroad in violation of the First Amendment to the United States Constitution.

(4) Effective **September 1, 2024**, Alabama Code § 15-20A-11(d) is DECLARED unconstitutional in all of its applications. It is overbroad in violation of the First Amendment to the United States Constitution.

(5) Effective **September 1, 2024**, Alabama Code § 15-20A-11(a) and Alabama Code § 15-20A-11(d) are together DECLARED unconstitutionally overbroad in all of their applications in violation of the First Amendment to the United States Constitution.

(6) Effective **immediately**, Alabama Code § 15-20A-11(a), as applied to Plaintiffs, is DECLARED an impermissible restriction on speech that lacks adequate tailoring in violation of the First Amendment to the United States Constitution, and Defendants are permanently ENJOINED from enforcing Alabama Code § 15-20A-11(a) in its current form against Plaintiffs in this case.

(7) Effective **immediately**, Alabama Code § 15-20A-11(d), as applied to Plaintiffs, is DECLARED an impermissible restriction on speech that lacks

3

adequate tailoring in violation of the First Amendment to the United States Constitution, and Defendants are permanently ENJOINED from enforcing Alabama Code § 15-20A-11(d) in its current form against Plaintiffs in this case.

The Clerk of Court is DIRECTED to enter this document on the civil docket as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this 23rd day of May, 2024.

          /s/   W. Keith Watkins
    UNITED STATES DISTRICT JUDGE