IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. McGUIRE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-174-WKW |
| | ) | [WO] |
| STEVEN T. MARSHALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On May 23, 2024, final judgment was entered. (Doc. # 139.) That judgment ruled in favor of Defendants in almost all respects but found that certain parts of the Alabama Sex Offense Registration and Notification Act (ASORCNA) violated the First Amendment, for various reasons. That same day, Defendants filed a notice of appeal. (Doc. # 140.) Thereafter, Defendants filed a motion to stay, (Doc. # 146), which is before the court.

"Every federal court in this country has within its traditional toolkit the power to pause temporarily its own order." *Labrador v. Poe by & through Poe*, 144 S. Ct. 921, 922 (2024) (Gorsuch, J., concurring in the grant of stay) (internal quotations omitted). In deciding whether to grant a stay application, courts ask, (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether it will suffer irreparable injury without a stay, (3) whether the stay will substantially injure other parties interested in the proceedings, and (4) where the

public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2005). "A court's discretion to enter a stay is thus not left up to its mere inclination, but to its judgment regarding each of these time-tested considerations." *Labrador*, 144 S. Ct. at 922 (cleaned up).

Applying that traditional stay test here, no part of the court's final judgment and order should be stayed at this time.

To begin, the stay applicants are most unlikely to succeed on appeal. All of Defendants' stay arguments concerning the overbreadth claim were rejected by the opinion. (Doc. # 138.) The challenged residency restrictions are written in such a manner as to result in unprecedented and absurd scopes that trample roughshod over basic First Amendment activity. *See* Ala. Code §§ 15-20A-11(a), 11(d). The court has no doubt that sections 11(a) and (d) are unconstitutionally overbroad in their current form.

The opinion also rejected Defendants' stay arguments vis-à-vis the merits of the court's narrow-tailoring analysis. But a few arguments warrant additional discussion. Defendants assert that they will succeed on the merits of their narrow-tailoring appeal because (1) "Plaintiffs did not plead a separate First Amendment 'narrow tailoring' claim," (Doc. # 146 at 8); (2) the narrow-tailoring claim should not have been decided against Defendants on summary judgment because it implicates disputed facts, (Doc. # 146 at 14); and (3) the "narrow tailoring" claim cannot clear the high bar required to grant facial relief" because "universal injunctions exceed the bounds of equity," (Doc. # 146 at 18–19).

2

First, taking these arguments in reverse order, Defendants misconstrue the court's relief. The court did not grant universal or facial relief under its First Amendment narrow-tailoring analysis. The narrow-tailoring declaration and injunction applied only to the Plaintiffs, even though the narrow-tailoring analysis was based on a broadly applicable rationale. (*See* Doc. # 139 at 3–4 (enjoining Defendants from enforcing the residency restrictions "against Plaintiffs in this case").) It was only the overbreadth claim that generated relief that applied beyond the parties because successful overbreadth claims, by virtue of the doctrine itself, necessitate invalidation for parties and nonparties alike. (*Id.*)

Second, the opinion made clear that while the narrow-tailoring analysis did consider the parties' expert reports, it only did so as an alternative redundancy: "For the same reasons provided in the overbreadth analysis above, sections 11(a) and 11(d), both individually and acting collectively, 'burden substantially more speech than is necessary' to predictively protect vulnerable populations from sexual abuse." (Doc. # 138 at 94 (citing *Packingham*, 582 U.S. at 105).) The residency provision failed to satisfy First Amendment tailoring "without considering the evidence—the consideration of which only further compel[led] that conclusion." (*Id.* at 107.) Put differently, the residency provision failed traditional First Amendment scrutiny as a matter of law for the same reasons that it failed overbreadth scrutiny—which did not hinge on the parties' disputes about their expert evidence. In any event, after considering the Defendants' stay arguments, the court stands by its articulation of

3

the disputed and undisputed facts, and that there was no triable issue of fact that could have altered the narrow-tailoring outcome.  Accordingly, Defendants' appeal to "disputed facts" in the narrow-tailoring claim is a nonstarter because the outcome would have been the same as a matter of law.

Finally, Defendants argue that the narrow-tailoring claim was not in the operative complaint.  But the court found that a narrow-tailoring cause of action was plainly contemplated by the First Amendment challenge brought in the operative complaint, (Doc. # 138 at 89, n.37), that Defendants had clear notice of the narrow-tailoring component of this case (specifically that the case was explicitly rooted in part to the narrow-tailoring legal test), and that, in any event, a strict narrow-tailoring analysis was largely a foregone conclusion given that the outcome was functionally predetermined by the Plaintiffs' successful overbreadth claim.  *See* (Doc. # 138 at 90 ("If a law is fatally overbroad [in all of its applications], then it stands to reason that it also fails to be sufficiently tailored [in any given application].").)  The court's narrow-tailoring analysis itself was a belt-and-suspenders approach.

Regardless, Defendants' argument that a First Amendment narrow-tailoring claim was not in this case basically boils down to buzzwords in topic headings, at the expense of substantive language in the text of the opinion.  *Cf.* (Doc. # 88 at 60 (alleging that the residency restrictions "impermissibly infringe[] upon Plaintiff's and registrants' First Amendment speech and expressive conduct and lacks proper tailoring").)  Defendants' argument erroneously elevates cause-of-action formalism

4

and topic-line headings over reality, substantive pleadings, analytical overlap, and what, in fact, Plaintiffs' complaint was explicitly complaining about. *See also* (Doc. # 138 at 89, n.38 (explaining the doctrinal ambiguities in the caselaw as to whether to approach First Amendment claims against sex-offender laws and curfew laws under overbreadth, time-place-or-manner, or whether to collapse the two doctrines, or whether to always address the two in tandem).)

For the forgoing reasons and those given in the opinion, there is little hope that Defendants will succeed on the merits, either as it relates to the court's overbreadth or intermediate scrutiny tailoring judgment. Defendants are unenviably tasked with defending an indefensible law. As Defendants reiterate time and again without dispute, the catalyzing protective purpose of the law is most important. But the effect of the laws as written by the Alabama Legislature unconstitutionally sounds the death knell of the First Amendment for an entire class of citizens who have otherwise served the time for their crimes. *See generally* (Doc. # 138 at 27–111) (explaining why sections 11(a) and 11(d) facially violate the First Amendment).)

The remainder of the stay inquiry concerns the equities. *Labrador*, 144 S. Ct. at 922. None, at this time, warrant a stay. Defendants' equity arguments specifically take umbrage with the court's relief that applies beyond the parties—namely the court's declaratory relief under the overbreadth doctrine. But the substance of that relief has *not* gone into effect and will not go into effect until September 1, 2024,

5

months from now.  (Doc. # 139.)  The court's judgment itself effectively stayed the universal relief for three months.  Defendants' motion is premature.  It requests an equitable stay on the basis of purportedly inequitable relief that functionally has not yet occurred and will not occur for some time.

Accordingly, it is ORDERED that the application for stay (Doc. # 146) is DENIED without prejudice at this time.  Defendants may renew their motion any time after **August 1, 2024**, and the court will consider again whether to employ its traditional "power to pause temporarily its own order," but only to the extent that the time-delayed declaratory relief under the overbreadth doctrine applies to non-parties.  *Labrador*, 144 S. Ct. at 922.  The court will not stay the relief that applies to the Plaintiffs.

DONE this 28th day of June, 2024.

       /s/   W. Keith Watkins
UNITED STATES DISTRICT JUDGE